## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

In Re:                              *
                                    *     **Chapter 13**
   **STEPHEN P BROWN,**              *     **Case Number:   19-01215- TOM-13**
                                    *
**Debtor.**                         *
                                    *

## RESPONSE TO OBJECTION TO CONFIRMATION AND BRIEF IN SUPPORT OF

## CONFIRMATION

Now Comes Debtor, by and through counsel and hereby files this Response to Objection to Confirmation and Brief in Support of Confirmation of the Chapter 13 plan.

### I.      FACTS

Debtor filed his case on March 21, 2019 and listed TitleMax as a secured creditor whose debt would be modified under the plan.   Titlemax has objected to the plan and relied upon the decision in *In re Northington*, in support of its position that the pawn transaction travels out side of the plan.   *In re Northington*, 876 F.3d 1302, 1305 (11th Cir. 2017).  *Northington* is a narrow decision that deals with a pawn transaction AFTER the maturity date has been reached; here we have a bankruptcy filing PRIOR to the maturity date.

### II.      THREE TYPES OF PAWN SITUATIONS

A pawn transaction is governed under State law.   *See generally,* Alabama Code §5-19A-1 (1975).   Under the pawn statute, a car is pledged for a loan, and the pawnbroker gets a lien on the goods.   "A pawnbroker shall have a lien on the pledged goods pawned for the money advanced and the pawnshop charge owed . . . The pawnbroker shall retain possession of the pledged goods … until the lien is satisfied."  Alabama Code §5-19A-10(a).

1

If the lien on the pledged goods is not satisfied on or before the maturity date, the goods "shall be held by the pawnbroker for 30 days following the [maturity] date and may be redeemed or repurchased by the pledgor or seller within the period by the payment of the originally agreed redemption price, and by the payment of an additional pawnshop charge equal to the original pawnshop charge." *See id*, Alabama Code §5-19A-10(b).  Goods not paid prior to the maturity date and not paid prior to the expiration of the 30 day redemption period "shall be forfeited to the pawnbroker and absolute right, title and interest in and to the good shall vest in the pawnbroker." Ala Code §5-19A-6.

Therefore, the pawn statute creates three categories or sets out three time periods in which a pawn transaction may fall under.   In application to a bankruptcy and the interplay therein, under the pawn statute there are **3 possible categories** of the pawned debt with a subsquent bankruptcy being filed.

    a.  **Goods are pawned and a bankruptcy is filed within 30 days**.  (THE FACTS OF THIS CASE)

    b.  **Goods are pawned, the maturity date passes, but a bankruptcy petition is filed prior to the 30 days given to redeem** (prior to 60 days)  (THE IN RE NORTHINGTON OPINION)

    c.  **Goods are pawned and both the maturity date and redemption date pass before someone filed for bankruptcy**.   (NOT DISPUTED or at issue here:  rights after 60 days automatically vested. *See. e.g. In re Howard*, 507 B.R. 394 (N.D. Ga. 2014))

In the instant case, we have the first scenario whereby the debtor filed his case prior to the maturity date even being reached.   Therefore, the 'property of the estate' is the car itself, subject to a lien; not just a redemptive right.

### III.     WHAT *NORTHINGTON* SAID

The Eleventh Circuit indicated that the court had to deal with the interplay of the U.S. Bankruptcy Code in defining property of the estate and the ability to modify secured claims – against the Georgia Pawn Statute (similar to Alabama's).   In looking at how the two interacted, the court first looked at the facts at hand.

> So how do these provisions interact? Very briefly, here's the deal:  The debtor in this case entered into a pawn transaction in which he pledged his car in exchange for a loan, defaulted on the loan by failing to repay it on time, and then, shortly before the expiration of the redemption period—during which he could pay off his debt (with interest) and thereby regain title to his car—filed a Chapter 13 bankruptcy petition.   Even though the Bankruptcy Code extended the debtor's state-law grace period an additional 60 days, he still failed to redeem the car.   All agree that because the debtor filed for bankruptcy before the grace period lapsed, the car and the associated right of redemption initially became part the bankruptcy estate pursuant to Section 541(a)(1).

*In re Northington*, 876 F.3d 1302, 1305 (11th Cir. 2017).

Therefore, in Northington, we have the second scenario, whereby the time period of the transaction was in the redemption period, facts distinguishable herein.


### A.     WHAT THE ELEVENTH CIRCUIT SAID REGARDING PROPERTY OF THE ESTATE.

In the opinions of *In re Northington* and *In re Lewis*, cited by TitleMax, the courts need to look first to see what rights are conferred by state law giving rise to what is actually in the 'property of the estate'.   Property of the estate is defined broadly as "all legally and equitable interest of the debtor in property as of the commencement of the case."  *In re Lewis*, 137 F3d 1280, 1283 (11th Cir 1998), *citing* 11 U.S.C.A. §541(a)(1); *see also, In re Northington*, 876 F.3d at 1305.   To determine what the property consists of, a court must look to state law.   *See In re Lewis*, at 1283, *citing In re Thomas*, 883 F.2d 331, 995 (11th Cir 1989).

Case 19-01215-TOM13    Doc 41    Filed 07/24/19    Entered 07/24/19 16:05:08    Desc Main
Document     Page 3 of 6

The debtor Gustavius Wilber and Titlemax entered into a pawn transaction under Georgia law. The debtor failed to repay the loan (or file bankruptcy) within the maturity date. Georgia, like Alabama, gives a 30 day redemption period to redeem property. Wilber, on October 30, just before his redemptive period was set to expire on November 2, filed a petition for relief under Chapter 13 of the bankruptcy code. The debtors argued that the car was in the case, subject to a lien (and also on res judicata ground for Titlemax not timely objecting). TitleMax argued that the car was their vehicle by not being properly redeemed.

In *Northington*, the 'property of the estate' wasn't the car, but rather just the right of redemption. See Northington, Since the property wasn't redeemed on time, or even with the 60 day extension of the bankruptcy code, the Court determined the period had lapsed, and TitleMax was the owner of the vehicle. *See generally, Northington,* 876 F.3d at 1312. The automatic stay didn't stay the entire contract and running of the redemptive period as the bankruptcy code could only extend the redemption by 60 days. This case reflects the same basic phenomenon as an option contract: "Under Georgia's pawn statute, ***following his loan's maturity date***, Wilber has a conditional right to possess the Charger as well as a right to redeem it during the statute period. But after the expiration of the prescribed period , Wilber had no right in the car" and his rights were extinguished and forfeited to Titlemax. (*emphasis added*) *In re Northington*, 876 F.3d at 1315 (11th Cir. 2017). Thus, the Debtor (Wilber) didn't have the car, but just a right to redeem and a right to possess until his interest expired. Owing to a Debtor's right to possess, the court noted that TitleMax still should seek relief from the stay, rather than self help and repossession of the vehicle.

4

Case 19-01215-TOM13    Doc 41    Filed 07/24/19    Entered 07/24/19 16:05:08    Desc Main
Document      Page 4 of 6

## IV.    THE CASE AT BAR:  PRIOR TO MATURITY DATE

In looking at what constitutes 'property of the estate' in the present case, the court would find that the facts of this case are markedly different.   Debtor filed his case ***prior to the maturity date*** under the contract.   Thus, the redemptive period hasn't been entered into yet.   In looking at state law, the debtor has a right to the car, subject to a lien by Titlemax.   *See* Ala Code §5-19A-10(a) (A pawnbroker shall have a lien on the pledged goods).

Since the title is still in the name of the debtor, the interest may be modified.   *See generally* 11. USC. §1332(b).  Thus, debtor seeks to modify the debt under and modify the rights of the secured creditor to pay the lien in accordance with the plan.   *See* 11 USC §1322(b)(2). Remember, once the property of the estate is established under state law (right to the car with a lien), the code allows for such modification.   *See id, see also* 11 USC. §1322(b)(3) (allowing for cure).  The salient difference here, is that by filing the petition, the maturity date hasn't been reached and the contract is cured; by contrast, a filing after the maturity date changed the contract from a lien via the Pawn statute under subsection (a) of Ala Code §5-19A-10 to subsection (b) redemption rights.   Therefore, Titlemax has a lien for the money advanced, and one pawn charge (subject to adequate valuation under the 'cramdown' of §506).  They are provided for as such and thus the plan should be confirmed.

Respectfully submitted,

    /s/ Stephen L Klimjack_____
STEPHEN L. KLIMJACK (KLIMS7892)
Stephen L. Klimjack, LLC
2001 Park Place North, Ste. 300
Birmingham, AL 36203
(205) 322-0100
(205) 322-0109 fax

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 24th day of July, 2019, a copy of the foregoing document was served on the Trustee, Bradford W. Caraway, by the U.S. Bankruptcy Court Electronic Filing System (ECF), and upon the following via first class mail

Bankruptcy Trustee
Bradford W. Carraway
P.O. Box 10848
Birmingham, AL 35202

Stephen P. Brown
1017 17th St. SW
Birmingham, AL 35211

Jeffrey L. Ingram
GALESE & INGRAM, P.C.
800 Shades Creek Pkwy, Suite 300
Birmingham, AL 35209

      /s/ Stephen L Klimjack
STEPHEN L. KLIMJACK